**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **UNITED STATES OF AMERICA,** | * |  |
| **v.** | * | **Case No. 23-CR-257-JRR** |
| **SEAN R. SULLIVAN** | * |  |
| **and** | * |  |
| **JAMES C. TAFOYA,** | * |  |
| **Defendants.** | * |  |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## OPINION AND ORDER

The court has before it the Government's Motion for Order Regarding Speedy Trial Status (ECF No. 114; the "Motion"), Defendant Tafoya's Response and Motion to Dismiss Under the Speedy Trial Act (ECF No. 117), and the Government's Response to same (ECF No. 119). No hearing is necessary. For the reasons set forth below, the court finds good cause to grant the Motion and to exclude the period between the date of the Indictment (July 27, 2023) and May 31, 2024, pursuant to 18 U.S.C. § 3161 (h)(7) ("Speedy Trial Act" or "STA").

A federal grand jury returned an indictment on July 27, 2023, charging Defendant Tafoya and three co-defendants with very serious crimes relating to unlawful acquisition and trafficking of firearms, including machineguns, in violation of 18 U.S.C. §§ 371, 922(1), 924(a)(1)(A), 922(o), 1001, and 1957. The complexity of the alleged criminal acts and numerosity of individuals involved required a proportionally complex investigation and resultant searches and reports. Defendant Sullivan had his initial appearance and arraignment on September 15, 2023; Defendant Tafoya's initial appearance and arraignment was on October 18, 2023; Defendant Vickers had an initial appearance and arraignment on October 19, 2023; Defendant Sawyer's case was transferred

to the Northern District of Alabama in January 2024; and Defendant Hall had his initial appearance and arraignment on March 4, 2023.  Therefore, per the STA, Defendant Tafoya's trial must commence 70 days from March 4, 2024.  Defendant Tafoya is not in custody.

Defendant Tafoya argues that, although the STA clock does not begin to run until the last of co-defendants is arraigned, the facts of this case warrant dismissal, because the operative indictment implicates him in only one of the two alleged conspiracy groups, and (according to Defendant Tafoya), the Government was aware that Vickers, Sawyer, and Hall would not be tried with Tafoya, because these defendants intended to plead guilty; and, in any event, the 138 delay between Defendant Tafoya's arraignment and that of Defendant Hall is unreasonable.

While the court appreciates well Defendant Tafoya's arguments, the court is persuaded to grant the motion.  First, the court finds that Defendant Tafoya considerably oversimplifies the complexity of the Government's efforts and expenditures of time in seeking to reach agreeable plea terms with Defendant Tafoya (made even more complex by the current investigation in the District of New Mexico), as well as the myriad challenges in scheduling and finalizing Defendant Hall's arraignment.  Further, the court agrees with the Government that until Defendant Tafoya's co-defendants completed their guilty pleas, it would have been poor judgment, if not reckless, on the part of the Government to operate under the presumption that their guilty pleas would be finalized and accepted by the court.  The court, therefore, finds the delays associated with bringing Defendant Tafoya to trial, while unfortunate, entirely reasonable if not altogether unavoidable. The Government has been diligent.

Further, while the court does not fault counsel's judgment in this regard, Defendant Tafoya elected not to move to sever his case from that of his co-defendants – on the premise that, in view of the facts alleged in the indictment, such a motion appeared to Defendant Tafoya not to be

necessary as a practical matter.  Again, the court appreciates this as a matter of practicality; however, as Tafoya acknowledges, it is well-established that defendants charged in the same conspiracy should be tried together, *United States v. Reavis*, 48 F.3d 763 (4th Cir. 1995); and time excludable for one conspiracy co-defendant is excludable for all.  *United States v. Kellam*, 568 F.3d 125 (4th Cir. 2009).

In sum, the court finds that the STA has not been violated; rather, for the reasons set forth herein, pursuant to 18 U.S.C. § 3161(h)(7), the ends of justice will be served by excluding the time between July 27, 2023, and May 31, 2024, for purposes of calculating the time by which Defendants Sullivan and Tafoya must be tried, and outweighs the best interest of the public in a speedy trial.  Further, failure to grant the Government's motion would likely result in a miscarriage of justice due to the seriousness of the charged offenses.

The Motion for Order Regarding Speedy Trial Status at ECF No. 114 shall be, and is hereby, **GRANTED**; and it is further **ORDERED**, pursuant to 18 U.S.C. §3161(h)(7)(A), the period of time between July 27, 2023, and May 31, 2024, shall be, and is hereby, **EXCLUDED** from the computation of time in which Defendant Sullivan and Tafoya must be tried on the operative indictment.  Defendant Tafoya's Motion to Dismiss set forth in ECF No. 117 is **DENIED**.

Counsel for the Government and Defendants shall meet and confer, and propose a mutually agreeable pre-trial and trial schedule **May 31, 2024**, and upon filing same, shall contact chambers by telephone or email to advise of the filing. The proposed schedule shall include a motions deadline, briefing schedule, pre-trial hearing, and trial date; and any other agreed-to events/dates. If counsel wish to have a pretrial scheduling conference, they shall meet and confer and contact chambers with three mutually agreeable dates.

May 22, 2024                                    /S/

_____
Julie R. Rubin
United States District Judge